IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO LEE TAYLOR,<br><br>  Petitioner,<br><br>v.<br><br>MR. ALAMEDA,<br><br>  Respondent. | No. C 02-5425 MMC (PR)<br><br>**ORDER DENYING MOTION TO DISMISS; ORDER TO SHOW CAUSE**<br><br>**(Docket No. 18)** |

Alonzo Lee Taylor ("petitioner"), a California prisoner, filed the above-titled pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court initially dismissed the action without prejudice to petitioner's filing his claims in a civil rights complaint. On appeal, the United States Court of Appeals for the Ninth Circuit vacated the dismissal and remanded, on the grounds the petition not only challenged the constitutionality of efforts by prison officials to collect DNA samples from petitioner, but also the discipline petitioner received for refusing to cooperate in that collection.[1] Thereafter, this Court directed respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss the petition, petitioner has filed an opposition, and respondent has filed a reply.

Respondent moves to dismiss the petition on the grounds that it is moot. In support

---

[1] Because the discipline petitioner received resulted in a loss of good time credits, and thus prolonged the duration of his custody, the claims were properly brought in a habeas petition. See generally Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1991) (holding challenges to prison practices that result in loss of good time credits may be brought in habeas petition).

thereof, respondent has submitted evidence that petitioner, approximately one month after the filing of the instant petition, provided blood and saliva samples for DNA analysis. (See Respt.'s Ex. B). As a result, respondent argues, "the Court is no longer able to grant the temporary restraining order, the only relief requested." Respondent's reading of the petition is too narrow. As explained above, the Ninth Circuit found the petition challenges not only the then-impending collection of DNA samples, but also the discipline petitioner received for refusing to cooperate in that collection. Consequently, were the petition granted, the relief to which petitioner would be entitled would include expungement of the discipline and restoration of the lost time credits. Respondent provides no indication that the discipline has been expunged, or that petitioner's lost time credits have been restored. Accordingly, the petition is not moot, and respondent's motion to dismiss must be denied.

In his opposition, petitioner raises for the first time claims that the denial of his parole in 2004 was improper, and that he provided the DNA samples involuntarily. Petitioner may not proceed with these claims for two reasons. First, in order for the state to be properly advised of new claims, they should be presented in an amended petition, not in a traverse or opposition to a motion. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). Secondly, even if presented in an amended petition, the claims could not be heard in this court because they have not been exhausted. See 28 U.S.C. § 2254(b), (c) (requiring petitioner to fairly present all claims to the highest state court prior to raising them in federal petition). Accordingly, the instant action will proceed solely on the basis of the four claims raised in the original petition.

Accordingly, the Court orders as follows:

1.   Respondent's motion to dismiss is DENIED.

2.   Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the four cognizable claims in the petition. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have

2

been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

This order terminates Docket No. 18.

IT IS SO ORDERED.

DATED: August 9, 2005

_____
MAXINE M. CHESNEY
United States District Judge

3