IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALONZO LEE TAYLOR, | ) | No. C 02-5425 MMC (PR) |
| Petitioner, | ) ) | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS; ORDER TO SHOW CAUSE** |
| v. | ) ) | |
| MR. ALAMEDA, | ) ) | |
| Respondent. | ) | **(Docket No. 27)** |
| _____ | ) ) | |

Alonzo Lee Taylor, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of efforts by prison officials to collect DNA samples from him. Because the collection of such samples did not appear to affect the fact or duration of his custody, the Court initially dismissed the action without prejudice to petitioner's filing his claims in a civil rights complaint. On appeal, the United States Court of Appeals for the Ninth Circuit vacated the dismissal and remanded, finding the petition also challenges the discipline petitioner received for refusing to cooperate in that collection, which discipline assertedly resulted in a loss of 60 days of good time credits. The Ninth Circuit concluded such additional claim is properly brought in a habeas action, because it sufficiently alleges the requisite effect on petitioner's period of confinement.

On remand this Court directed respondent to show cause why the petition should not be granted. On October 11, 2005, respondent filed a motion to dismiss, in which he argues

the discipline alleged by petitioner cannot have any effect on the duration of his confinement.[1] On January 23, 2006, petitioner filed an opposition. Respondent has not filed a reply.

**BACKGROUND**

In 1981, petitioner was convicted of second degree murder, and was sentenced to a term of 15 years to life in state prison. On August 1, 2002, petitioner was directed by prison authorities to provide a sample of his blood and saliva for inclusion in a national DNA database, pursuant to the 1998 Forensic Identification Data Base and Data Bank Act. Petitioner refused to supply the samples and, as a consequence, was found guilty of violating 15 Cal. Code Regs. § 3005(a). Part of the disciplinary sanction petitioner received was a 60-day forfeiture of good time credits pursuant to 15 Cal. Code Regs. § 3323(g)(6).

**DISCUSSION**

Respondent contends the petition should be dismissed on the ground the 60-day good time credit forfeiture has no effect on the duration of petitioner's confinement.

In particular, respondent argues that the loss of time credits will not result in an actual increase in the period of petitioner's confinement because petitioner is serving an indeterminate life sentence. In support thereof, respondent cites to 15 Cal. Code Regs. § 3323(a), which provides that for an inmate serving a determinate sentence, the forfeiture of good time credits results in a loss of credits against the term of the sentence, whereas for an inmate serving an indeterminate life sentence, such as petitioner, the forfeiture of good time credits merely postpones the inmate's minimum eligible parole date. Respondent notes that petitioner's minimum eligible parole date was October 26, 1990, which date had passed long before petitioner was assessed the 60-day credit forfeiture in 2002. Under such circumstances, respondent concludes, petitioner's minimum eligible parole cannot have been

---

[1] This is the second motion to dismiss filed by respondent after the case was remanded. In the first motion, respondent argued the petition is moot because petitioner, approximately one month after the filing of the instant petition, provided blood and saliva samples for DNA analysis. The Court denied the motion because there remained the issue of whether the discipline petitioner received for his initial refusal to provide the samples was constitutional.

2

postponed by the credit forfeiture, and thus the credit forfeiture had no effect on the duration of petitioner's confinement.

The regulation cited by respondent is silent, however, as to what effect a credit forfeiture has upon a prisoner in petitioner's position, namely, one who is serving an indeterminate life sentence and whose minimum eligible parole date already has passed. See 15 Cal. Code Regs. § 3323. Respondent points to no provision in any regulation, prison rule, state statute, or other authority indicating the effect of a credit forfeiture under such circumstances.[2]

Moreover, petitioner states in his opposition that, in fact, he has suffered adverse consequences from the discipline he received, consequences which, he argues, have affected the duration of his confinement. Specifically, he states that the discipline caused him to be denied parole at a September 2004 parole hearing. If true, the discipline at issue had a legally cognizable effect on the duration of petitioner's confinement. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (holding denial of parole necessarily implicates length of prisoner's confinement).[3] Respondent cites no authority precluding prison officials from denying parole, or imposing other sanction not expressly addressed in the relevant regulations and statutes, when prisoners such as petitioner receive discipline for violating

---

[2] Respondent points to petitioner's "Chronological History," which contains entries dating back to 1981, and observes that such document contains no entry regarding a loss of credits in 2002. (See Resp.'s Ex. D). The prison Rules Violation Report attached to the petition, however, indicates a 60-day credit forfeiture was in fact assessed against petitioner. Respondent has provided no affidavit from a prison official, or any other evidence, to the effect that an absence of an entry in a prisoner's "Chronological History" indicates to the contrary.

[3] Petitioner also contends his discipline has extended his confinement by causing his 2004 parole hearing, at which he was denied parole, to be postponed from "June/July 2004" to September 28, 2004, and by causing him to be denied four months of "annual" time credits which he would otherwise have received pursuant to 15 Cal. Code Regs. § 2410(a). It is unclear, and petitioner does not explain, precisely how the alleged delay in his parole hearing and the loss of "annual" credits affect the duration of his confinement. The Court need not address this question at this time, however, in light of the denial of respondent's motion on other grounds. If respondent chooses to argue in his answer that the success of petitioner's claim would not shorten the duration of petitioner's confinement, he shall address whether the delay in the parole hearing and the denial of "annual" credits were a result of petitioner's discipline and, if so, whether they have affected the duration of petitioner's confinement.

3

prison rules. Indeed, respondent has not disputed that petitioner was denied parole in September 2004 based on the discipline he received. Given the state of the record presented before the Court, respondent's motion to dismiss will be denied. If respondent wishes to present evidence refuting petitioner's factual assertions as to the repercussions of the discipline he received and/or the legal significance thereof, he may do so in connection with his answer addressing the merits of petitioner's claim.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Respondent's motion to dismiss is DENIED.

2. Respondent shall file with the Court and serve on petitioner, within **60 days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claim in the petition. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **30 days** of his receipt of the answer.

This order terminates Docket No. 27.

IT IS SO ORDERED.

DATED: September 8, 2006

_____
MAXINE M. CHESNEY
United States District Judge