IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO LEE TAYLOR, | No. C 02-5425 MMC (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| MR. ALAMEDA, | |
| Respondent. | |

In 2002, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of efforts by prison officials to collect DNA samples from him. As the collection of such samples did not appear to affect the fact or duration of petitioner's custody, the Court initially dismissed the action without prejudice to petitioner's filing his claims in a civil rights complaint. On appeal, the United States Court of Appeals for the Ninth Circuit vacated the dismissal and remanded, finding the petition also challenges the discipline petitioner received for refusing to provide the DNA samples, which discipline resulted in a loss of sixty days of good time credits. The Ninth Circuit concluded such additional claim is properly brought in a habeas action, because the claim sufficiently alleges the requisite effect on petitioner's period of confinement.

On remand, the Court directed respondent to show cause why the petition should not be granted with respect to petitioner's challenges to the constitutional validity of the DNA sample requirement and the discipline petitioner received for failing to comply therewith.

1  (Order to Show Cause, filed Aug. 19, 2004, at 1.) Thereafter, respondent twice moved to
2  dismiss the petition. The Court denied both motions.[1]

3  Following the denial of respondent's second motion to dismiss, the Court again
4  directed respondent to show cause why the petition should not be granted. Respondent has
5  filed an answer to the petition and petitioner has filed a traverse.

6  Having reviewed the parties' arguments and the underlying record herein, the Court
7  concludes petitioner is not entitled to habeas relief based on the claims presented and,
8  accordingly, will deny the petition.

## BACKGROUND

10  In 1981, petitioner was convicted of second degree murder. He was sentenced to a
11 term of seventeen years to life in state prison. On August 1, 2002, while incarcerated at the
12 Correctional Training Facility at Soledad, petitioner was directed by prison authorities to
13 provide a sample of his blood and saliva for inclusion in a national DNA database, pursuant
14 to California's DNA and Forensic Identification Data Base and Data Bank Act of 1998
15 ("DNA Act"). Petitioner refused to provide the samples and, as a consequence, was found
16 guilty of a serious rules violation; in accord with the California Code of Regulations, he was
17 assessed a sixty-day loss of good time credits. See Cal. Code Regs., tit. 15, § 3323(g)(6)
18 (providing for credit forfeiture of up to sixty days for prisoner's refusal to provide, inter alia,
19 blood or saliva samples under DNA Act.)

20  Petitioner filed a state habeas corpus petition in the Superior Court of Monterey

---

[1] In the first motion to dismiss, respondent argued the petition was moot because petitioner, approximately one month after filing the petition, provided blood and saliva samples for DNA analysis. The Court denied the motion because there remained the issue of whether the discipline petitioner received for his initial refusal to provide the samples was constitutional. (Order, filed Aug. 9, 2005, at 1-2.)
   In the second motion to dismiss, respondent argued the petition did not present a cognizable claim for habeas corpus relief because the discipline imposed on petitioner for refusing to provide the samples, specifically, the sixty-day good time credit forfeiture, had no effect on the duration of petitioner's confinement as petitioner is serving an indeterminate life sentence. The Court denied the motion because respondent had not provided legal authority or evidence showing petitioner's release date had not been altered as a result of the credit loss. (Order, filed Sept. 8, 2006, at 3.)

County ("Superior Court") challenging the constitutionality of the DNA sample requirement. Petitioner did not challenge the loss of good time credits because the Superior Court petition preceded the issuance of the serious rules violation report for failing to provide a DNA sample.  The Superior Court denied the petition in a reasoned decision. (Answer Ex. 8.)

Thereafter, petitioner filed state habeas corpus petitions in the California Court of Appeal and the California Supreme Court, raising the same claims he raises herein.  Both state courts summarily denied the petitions without issuing an order to show cause. (Answer Exs. 10 & 12.)

In the instant petition, petitioner claims (1) the DNA sample requirement violates the United States Constitution, and (2) prison officials violated his constitutional rights by subjecting him to punitive consequences for refusing to provide a DNA sample.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  Additionally, habeas relief is warranted only if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v. Johnson, 532 U.S. 782, 796 (2001) (quotation and citation omitted).

3

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). Consequently, with respect to petitioner's claim that the DNA sample requirement violates the United States Constitution, the Court "looks through" the California Supreme Court's summary denial to the Superior Court's order denying petitioner's claim on the merits. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (citing Nunnemaker, 501 U.S. at 803-04.) With respect to petitioner's claim that he should not have been disciplined for refusing to provide a DNA sample, however, there is no reasoned decision because petitioner raised said claim only in the California Court of Appeal and California Supreme Court, both of which summarily denied relief. The Court, therefore, must conduct an independent review of the record to determine whether the California Supreme Court's denial of the claim was an objectively unreasonable application of clearly established federal law. See Richter v. Hickman, 521 F.3d 1222, 1229 (9th Cir. 2008).

B.   Petitioner's Claims

   1.   Requested Relief

When petitioner filed the instant petition he sought (1) to prevent prison officials from compelling him to provide a DNA sample, and (2) to overturn the disciplinary finding of guilt and loss of good time credits resulting from his refusal to provide such sample. Approximately one month after he filed the petition, however, petitioner provided prison officials with blood and saliva samples for DNA analysis. (See Order, filed Aug. 9, 2005, at 2.) Consequently, petitioner can no longer claim that prison officials must be enjoined from compelling him to provide a DNA sample, as that claim has been rendered moot. Accordingly, the only clam for relief that remains at issue herein is whether petitioner is entitled to habeas corpus relief because the discipline imposed upon him for refusing to provide a DNA sample has unlawfully prolonged the duration of his custody.

   2.   Challenge to Constitutionality of DNA Sample Requirement

4

Petitioner claims, on two grounds, that the DNA sample requirement violates the United States Constitution.  First, he claims said requirement violates his right to due process because it does not provide for a hearing to contest the requirement.  (Pet. at 5.)  Second, he claims the requirement violates the Ex Post Facto Clause because the requirement was not in effect when he was convicted.  (Pet. at 6 & 8.)

Petitioner raised both of these claims in his state habeas corpus petition in the Superior Court.  The Superior Court denied the claims on the merits.  Specifically, with respect to petitioner's due process claim, the Superior Court found: "[P]etitioner has failed to show that the Due Process Clause requires prison officials to provide a hearing before requiring inmates to provide [DNA] specimen samples." (Answer Ex. 8 at 2:5-7 (citation omitted).) With respect to petitioner's ex post facto claim, the Superior Court found: "[P]etitioner has failed to show that the DNA Act subjected him to increased punishment and therefore does not implicate ex post facto concerns." (Id. at 1:21-22 (citation omitted).)  In support of both propositions, the Superior Court cited to Rise v. Oregon, 59 F.3d 1556, 1562-63 (9th Cir. 1995), in which case the Ninth Circuit held that an Oregon statute requiring prisoners to provide DNA samples did not raise due process or ex post facto concerns.

The Court finds the Superior Court's rejection of petitioner's claims was not contrary to or an unreasonable application of clearly established federal law.  As an initial matter, petitioner's claims fail because he has not pointed to any clearly established United States Supreme Court precedent that holds a DNA sample requirement for convicted felons implicates due process or ex post facto concerns.  "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams, 529 U.S. at 412.  Consequently, if there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law.  See Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Further, the Superior Court's decision is consistent with the Ninth Circuit's holding in

5

Rise, supra, that neither the Ex Post Facto Clause nor the Due Process Clause is violated by a state statue, such as the one at issue herein, that (1) requires all prisoners, regardless of the date of their conviction, to provide DNA samples, and (2) does not allow for a hearing to contest such requirement.  See Rise, 59 F.3d at 1562-63.  Additionally, the Superior Court's decision is supported by the subsequent case of People v. Travis, 139 Cal. App. 4th 1271, 1295 (2006), review denied, Sept. 20, 2006, in which the California Court of Appeal upheld the constitutionality of California's DNA Act.  In so doing, the Court of Appeal relied on the unpublished Ninth Circuit case of Turner v. Carpenter, 63 Fed. Appx. 318, 2003 WL 1878794 (9th Cir. 2003), which held, in reliance on Rise, that California's DNA sample requirement does not violate prisoners' due process rights by failing to provide for notice and a hearing prior to obtaining a sample, or their rights under the Ex Post Facto Clause.  See Turner, 2003 WL at *1.

As the Superior Court's denial of petitioner's constitutional challenges to the DNA sample requirement was not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent, petitioner is not entitled to habeas corpus relief on such claims.[2]  28 U.S.C. § 2254(d)(1).

    3.    <u>Challenge to Consequences of Refusing to Provide DNA Sample</u>

Petitioner claims his constitutional right to due process was violated when prison officials found him guilty of a serious rules violation report for refusing to provide a DNA sample and assessed him a sixty-day loss of good time credits as a result thereof.  Specifically, petitioner claims his discipline was unlawful because (1) no California statute or regulation provided notice that he could be punished for failing to comply with the DNA

---

[2]In his traverse, petitioner asserts he also is challenging the DNA sample requirement as violating his Fourth Amendment right to privacy and Fifth Amendment right not to incriminate himself.  Petitioner, however, did not expressly raise such claims in his petition; consequently, they are not at issue herein.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (holding traverse is not proper pleading to raise additional grounds for relief).  Moreover, such claims are without merit.  See Rise, 59 F.3d at 1562 (holding DNA sample requirement does not violate Fourth Amendment); United States v. Reynard, 473 F.3d 1008, 1021 (9th Cir. 2007) (holding DNA sample requirement of federal DNA Act does not violate Fifth Amendment privilege against self-incrimination).

6

sample requirement, and (2) prison officials did not provide him with proper notice under prison regulations that he would be charged with a serious rules violation.

"[D]ue process requires fair notice of what conduct is prohibited before a sanction can be imposed." Newell v. Sauser, 79 F.3d 115, 117 (9th Cir.1996). Sufficient notice is given when a "person of ordinary intelligence [has] a reasonable opportunity to know what is prohibited so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). Here, the DNA Act specifies that any criminally confined person who is convicted of a felony offense "shall provide buccal swab samples, right thumbprints, and a full palm print impression of each hand, and any blood specimens or other biolgical samples" for DNA and forensic identification purposes. Cal. Penal Code § 296(a). The Act's provisions are mandatory, id. § 296(d), and the California Penal Code expressly states that any person confined within the California Department of Corrections and Rehabilitation ("CDCR") who receives written notice that he must provide a DNA sample, yet refuses to do so, is subject to punishment. Id. § 2981.1. The CDCR is authorized to enact policies and regulations to implement the Act's requirements. Id. § 295(h)(1). Under CDCR regulations, an inmate who refuses to provide a DNA sample after receiving the requisite written notice is subject to disciplinary action resulting in credit forfeiture of up to sixty days. Cal. Code Regs., tit. 15, §§ 3025(i) (providing for disciplinary action for failure to comply with DNA sample requirement), 3323(g)(6) (providing for credit forfeiture). In view of these provisions, the Court finds no merit to petitioner's claim that California statutes and regulations do not provide fair notice to prisoners that they can be punished for refusing to provide a DNA sample.

As noted, petitioner further claims that his right to due process was violated because, with respect to petitioner's refusal to provide a DNA sample on the specific occasion at issue herein, prison officials violated prison regulations by providing him only with verbal, and not written, notice that his refusal would result in his receiving a serious rules violation report. (Pet. at 7.) Petitioner's claim is without merit because violations of state laws and

7

procedures do not constitute grounds for federal habeas corpus relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Consequently, petitioner is not entitled to habeas relief on this claim.

In any event, as respondent argues, petitioner's claim is now moot. In particular, conceding that the procedural violation alleged by petitioner occurred, D. Sedley, the Associate Warden at Avenal State Prison, where petitioner is now incarcerated, states as follows:

> In reviewing the records of Alonzo Lee Taylor (C-36592), I note that on August 1, 2002, a rules violation report, log number IV-08-02-18, was issued to Taylor for "Refusal to Provide Required Specimens." Contrary to policy, it appears that Taylor did not receive a CDC 128-B Form, Informative Chrono, before he was issued the rules violation report. The Information Chrono provides written notice of the prisoner's requirement to provide the DNA samples in compliance with the California Penal Code.
>
> In light of this information, I will order that prison officials dismiss Taylor's rules violation report, log number IV-08-02-18, and the resulting sixty days of lost credits be restored. As a result, the rules violation report will be permanently removed from inmate Taylor's central file. In addition, a CDC 128-B Form, Informative Chrono, will issue, reflecting that Taylor refused a verbal order on August 1, 2002, but no credits will be forfeited as a result of this Chrono. I anticipate that these actions should be completed by May 9, 2007.

(Decl. D. Sedley Supp. Answer ¶¶ 2-3.)[3]

Consequently, respondent argues, petitioner's claim that he is entitled to habeas corpus relief must fail because, in light of the expungement of the serious rules violation report from petitioner's file and the restoration of petitioner's lost good time credits, petitioner cannot show that the punishment he received for failing to provide a DNA sample has prolonged the length of his detention.

In response, petitioner asserts that expungement of the record and restoration of the lost good time credits does not foreclose his claim for habeas relief because (1) in 2004 he was denied parole primarily on the basis of his disciplinary record, (2) the DNA sample he gave still exists and prison officials might again require him to provide a DNA sample, and

---

[3] The declaration was filed in support of the answer on April 9, 2007.

8

(3) he is suffering the consequences of a second rules violation report for refusing to provide a DNA sample.

The Court agrees with respondent that petitioner's claim that his sentence has been prolonged unlawfully because of the serious rules violation report and resulting loss of good time credits is now moot. See Rhodes v. Knowles, No. CIV S-04-2250 JAM GGH P, 2009 WL 311159, at * 9 (E.D. Cal. Feb. 9, 2009) (finding petitioner's claim of unlawful discipline imposed due to refusal to provide DNA sample rendered moot by dismissal of serious rules violation reports and restoration of forfeited credits). Further, none of petitioner's assertions serve to establish the existence of an ongoing case or controversy.

First, the evidence shows that the disciplinary violation at issue herein did not cause petitioner to be denied parole in 2004. Rather, the Board of Prison Terms relied on numerous factors to deny parole. (Answer Ex. 2 at 60-70 (Decision pages 1-10).)

Second, no continuing constitutional violation exists by virtue of the fact that prison officials have retained petitioner's DNA sample and might require him to provide another sample. The Court already has found that prison officials did not violate petitioner's constitutional rights by requiring him to provide a DNA sample; consequently, their retention of such sample and ability to require another sample do not amount to ongoing constitutional violations that must be remedied herein. Further, the existence of the DNA sample does not entitle petitioner to habeas corpus relief, because petitioner has not shown such sample, standing alone, in any way affects the fact or duration of petitioner's confinement. Moreover, to the extent prison officials might in the future rely on petitioner's DNA sample to prolong his confinement, petitioner's challenge is premature and must first be exhausted in state court.

Petitioner's final claim, that his request for relief is not moot because he is suffering from the consequences of a second rules violation report, is unsupported by the record. In particular, petitioner claims that on September 12, 2002, approximately one month after he was subjected to the discipline at issue herein, he was issued a second serious rules violation

9

1 report for refusing to provide a DNA sample, of which he was found guilty on September 19,
2 2002. (Traverse at 15:28-16:1.) Nowhere does petitioner state, however, that he was
3 assessed any loss of credits because of the second infraction, nor has he produced any
4 evidence indicating he suffered any such consequence. In fact, contrary to petitioner's
5 assertions, evidence produced by respondent shows that the September 12, 2002 rules
6 violation report was not issued on the basis of petitioner's refusal to provide a DNA sample,
7 but, rather, because petitioner refused to report to prison officials for purposes of providing a
8 palm print. (Answer Ex. 11 (habeas corpus petition filed by petitioner in California Supreme
9 Court) attachment "Rules Violation Report" Log No. V-09-02-20.) Further, at the September
10 19, 2002 disciplinary hearing, petitioner was not found guilty of refusing to provide a DNA
11 sample, but of "Not Responding to Calls and Passes." (Id.) Moreover, at the hearing, the
12 serious rules violation was reduced to an administrative rules violation, which meant
13 petitioner was not punished, but only "[c]ounseled and reprimanded." (Id.) In light of such
14 circumstances, petitioner's contention that he is entitled to habeas corpus relief because he
15 was punished a second time for refusing to provide a DNA sample is without merit.

16  In sum, having conducted an independent review of the record, the Court concludes
17 the California Supreme Court's denial of petitioner's challenge to the consequences resulting
18 from his refusal to provide a DNA sample was not an objectively unreasonable application of
19 clearly established federal law. See Richter v. Hickman, 521 F.3d 1222, 1229 (9th Cir.
20 2008). As a separate and independent basis for denial of the petition, in light of respondent's
21 representation that, by May 9, 2007, the serious rules violation report would be expunged
22 from petitioner's prison record and the sixty days of good time credits restored, the Court
23 finds no continuing basis for habeas corpus relief exists.[4] Accordingly, petitioner's claim of

---

[4] Petitioner filed his traverse to the answer on June 25, 2007, more than one month after the May 9, 2007 deadline by which respondent states the serious rules violation report would be expunged and petitioner's lost good time credits restored. In his traverse, petitioner argues that his request for habeas corpus relief is not moot, as set forth above, but he does not claim respondent has not implemented the aforementioned changes to his prison record. Consequently, in view of the lack of any evidence to the contrary, the Court will assume the

unlawful detention due to the discipline imposed as a result of the serious rules violation report will be denied.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: March 2, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

prison record has been modified accordingly. Should that not be the case, petitioner may move for reconsideration of the Court's ruling in such regard.